DEMAS YAN (SBN 257854)
300 Frank H. Ogawa Plaza, Suite # 218
Oakland, Ca 94612
Phone (415) 867-5797
Attorney for Cheuk Tin Yan

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re

LOMBARD FLATS, LLC,

    Debtor.

Case No: 09-32219

(Chapter 11)

CHEUK TIN YAN'S OPPOSITION TO MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT FOR VIOLATION OF 11 U.S.C. § 524(a)(2) AND FOR SANCTIONS

Date: December 19, 2014
Time: 10:00 A.M.
Department: 22

CHEUK TIN YAN ("Respondent"), through his attorney, hereby files this opposition to reorganized debtor LOMBARD FLATS, LLC's ("Debtor") motion as captioned above. This opposition is based on this opposition, declaration of Demas Yan, and any further evidence as may be presented at the hearing.

DEBTOR'S COUNSEL DID NOT MEET AND CONFER IN GOOD FAITH.

Mrs. Joan Chipser, counsel for debtor, stated in her declaration in support of this motion that she exchanged two emails with Demas Yan, counsel for Cheuk Yan, on November 5 and 6, 2014. See Chipser Decl. ¶¶ 7-8. But Chipser purposely failed to mention the there were numerous other emails after those two emails. As can be imagined, what is left out by omission speaks louder than what Chipser wanted the court to know.

In addition to the two emails that Chipser alluded to, on November 6, 2014 at 12:39 PM, Chipser wrote an email to Yan alleging that "Judge Montali and the District Judge have already held that you should have asserted this alter ego cause of action in the Chapter 11 case." In response, Yan wrote on Nov 7, 2014 at 11:27 AM: "Where in the record supports your statement 'Judge

- 1 -

Montali and the District Judge have already held that you should have asserted this alter ego cause of action in the Chapter 11 case'?" Yan also stated: "The issue is whether a PRIOR bankrupted company can be held to be an alter ego of its principal for the principal's PRESENT liabilities. As I had provided to you the authorities based on my research, the answer is yes. If you can show me authority that says that this is a violation of automatic stay, I will dismiss this superior court action." Chipser, in her response on November 10, 2014 at 11:54 AM, did not provide a direct response to Yan's request for cite to the record, but stated generally that "any claim related to those notes, no matter what you call it, was discharged. That is the upshot of Judge Montali's ruling and the District Court's ruling." Chipser continued: "Bankruptcy case law also supports my client's position in this matter. In the bankruptcy case of *In re Folks*, 211 B.R. 378. 384 (9 Cir. BAP 1997), the court said: 'A claim is defined as a right to payment or the right to an equitable remedy for a breach of performance that gives rise to a right to payment. § 101(5).[8] The **alter ego claim** against Folks is a claim pursuant to § 101(5)(B) * * * *.'(emphasis add)." In response to Chipser's cite to *In re Folks*, Yan wrote back on the same day, November 10, 2014 at 5:05 PM: "The case you cited, Folks, was explicit overruled in Ahcom v Smeding, 623 F.3d 1248 (9th cir. 2010) … no California court has recognized a free standing general alter ego claim that would require a shareholder to be liable for all of a company's debts and, in fact, the California Supreme Court stated that such a cause of action does not exist." Chipser did not attempt to research the authority cited by Yan that the California Supreme Court states that no cause of action exist for alter ego, but rather, Chipser simply dismissed the authority off-handedly in her email the same day, November 10, 2014 at 6:42 PM: "The material you quote below has nothing to do with this case and what you are trying to do."

That was the last email from Chipser before she instigated this motion for contempt. This chain of emails is attached as Exhibit A to Yan's declaration in support of opposition to this motion ("Yan decl."). As can be seen, Chipser filed this motion for contempt in bad faith and simply ignored the fact that under California law alter ego is not a substantive claim subject to automatic stay.

//

THE DOCTRINE OF ALTER-EGO IS A REMEDY NOT A CAUSE OF ACTION.

The equitable alter ego doctrine merely helps identify which parties ought to be held liable. It does not create an independent cause of action. *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself."); *Green Atlas Shipping S.A. v. U.S.*, 306 F. Supp. 2d 974, 977 (2003) (pierced corporate veil is not a separate cause of action). The term "alter ego" describes a doctrine, the application of which results in either the obligations of a corporation being treated as those of its equitable owners or the obligations of the equitable owners being treated as those of the corporation [see *Wenban Estate, Inc. v. Hewlett* (1924) 193 Cal. 675, 696-697, 227 P. 723].

As explained in *Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204 Cal. App. 3d 1352:

> "The figurative terminology 'alter ego' and 'disregard of the corporate entity' is generally used to refer to the various situations that are an abuse of the corporate privilege." (*Minton v. Cavaney* (1961) 56 Cal. 2d 576, 579 [15 Cal.Rptr. 641, 364 P.2d 473].) The purpose behind the alter ego doctrine is to prevent defendants who are the alter egos of a sham corporation from escaping personal liability for its debts. (*Hiehle v. Torrance Millworks, Inc.* (1954) 126 Cal. App. 2d 624, 629 [272 P.2d 780].) The device of disregarding the corporate entity is applicable whether the alter ego is an individual or corporation. (*McLoughlin v. L. Bloom Sons Co., Inc.* (1962) 206 Cal. App. 2d 848, 851 [24 Cal.Rptr. 311]; see also, *Pan Pacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal. App. 2d 652, 657-659 [333 P.2d 802]; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Corporations, § 5, p. 4317, and authorities cited there.) "Before the courts will disregard the corporate entity of one corporation and treat it as the alter ego of another, even though the latter may own all the stock of the former, it must further appear that there is such a unity of interest and ownership that the individuality of the one corporation and the owner or owners of its stock has ceased and, further, that the observance of the fiction of separate existence would under the circumstances sanction a

fraud or promote injustice. In other words, bad faith in one form or another must be shown before the court may disregard the fiction of separate corporate existence. [Citations.]" (*Marr v. Postal Union Life Ins. Co*. (1940) 40 Cal. App. 2d 673, 681 [105 P.2d 649].)

The alter ego issue is ordinarily raised by the pleadings, either affirmatively in the complaint (see, e.g., *Loughran v. Reynolds* (1942) 53 Cal. App. 2d 250, 251-253 [127 P.2d 586]) or negatively in the answer (see, e.g., *Gordon v. Aztec Brewing Co*. (1949) 33 Cal. 2d 514, 523 [203 P.2d 522]). Nonetheless, even when not pleaded, that issue may be resolved at trial (see, e.g., *Gordon*, supra, at 523; *Wilson v. Stearns* (1954) 123 Cal. App. 2d 472, 483-484 [267 P.2d 59]), at a hearing to determine the true identity of the judgment debtor (see, e.g., *Thompson v. L.C. Roney & Co*. (1952) 112 Cal. App. 2d 420, 422-423, 426-427 [246 P.2d 1017]; but see *Motores De Mexicali v. Superior Court* (1958) 51 Cal. 2d 172, 174-176 [331 P.2d 1]), or even in a separate action subsequent to the action against the fictitious corporate defendant. (See, e.g., *Taylor v. Newton* (1953) 117 Cal. App. 2d 752, 753-757 [257 P.2d 68].)

An alter ego defendant has no separate primary liability to the plaintiff. Rather, plaintiff's claim against the alter ego defendant is identical with that claimed by plaintiff against the already-named defendant.

*A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance*, *but rather, procedural*, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice. (*Taylor v. Newton*, supra, 117 Cal. App. 2d 752, 757; accord, *Most Worshipful Sons v. Sons etc. Lodge* (1958) 160 Cal. App. 2d 560, 565-566 [325 P.2d 606]; see also,5 Witkin, Cal. Procedure (3d. ed. 1985) Pleading, § 875, pp. 316-317.)"

*Id*. at 1358-59 (emphasis added).

THE ALLEGATION FOR ALTER-EGO LIABILITY AS TO LOMBARD FLATS, LLC IS NOT SUBJECT TO AUTOMATIC STAY OF DEBTOR'S BANKRUPTCY.

The alter-ego liability of Lombard Flats, LLC is alleged in paragraph 15 of the state court complaint (see Exhibit 3 to the Eng Declaration):

> Defendant LOMBARD FLATS LLC is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which ENG carried on his business, exercising complete control and dominance to such an extent that any individuality or separateness of defendant LOMBARD FLATS LLC and MARTIN LEE ENG does not, and at all times herein mentioned, did not exist. Defendant LOMBARD FLATS LLC is an alter ego of ENG and is liable jointly and severally for ENG's debts. *Taylor v. Newton* (1953) 117 Cal.App.2d 752 (A corporation may be held liable on alter ego theory for debts of its sole owner).

The complaint does not contain any substantive claim as to debtor that is subject to automatic stay of debtor's bankruptcy. As discussed previously, alter-ego is a doctrine and is a procedural remedy to disregard the separate entity of a corporation if it is held to be an alter-ego of its principal. Even though it is usual to allege alter-ego liability in a complaint against the principal, the alter-ego doctrine can be used as a post-judgment remedy where a judgment obtained against the principal can be enforced against the disregarded entity under the doctrine of alter-ego.

Because the doctrine of alter-ego is a procedural remedy, it is not a substantive claim can be discharged or stayed by the alter-ego's bankruptcy. Therefore, debtor's motion for contempt is without legal basis and should be denied.

DEBTOR'S MEMORANDUM CONTAINS FALSE ALLEGATIONS AND IRRELEVANT INFORMATION.

The issue in this motion is a narrow question of law as to whether the alter-ego doctrine can be subject to automatic stay. But rather than focusing on that issue, debtor, through its attorney

- 5 -

Joan Chipser, asserted numerous false and slanderous allegations in its filed memorandum under the subsection entitled "Statement of Facts". Without repeating those slanderous allegations, respondent's attorney categorically denies the false and slanderous statements therein which implies improper practice of law on the part of respondent's attorney.

Debtor also referred to what it called "Lawsuit No. 1" and "Motion No. 1", and stated that the U.S. District Court Judge Phyllis J. Hamilton affirmed this court's order as to Motion No. 1. This information is irrelevant to the issue before the court, but since debtor brought it up, respondent is obliged to respond. Even though Judge Hamilton affirmed the order, it was based on a different theory than that of the lower court. Judge Hamilton found that "[i]n light of [the] record, Cheuk Yan was a known creditor whose identity was reasonably ascertainable at the time debtor filed for Chapter 11, and the bankruptcy court's finding that Eng did not know that Cheuk Yan had a claim against debtor is clearly erroneous." See U.S. District Court Northern District of California, Case no. 13-cv-04735-PJH, docket no. 8 at 24:22-25:2. The district court also found that the doctrine of equitable estoppel, as put forward by the lower court, is not applicable to the facts, but found that, *sua sponte*, judicial estoppel, as opposed to equitable estoppel, is applicable. Appeal was taken and pending on this issue of whether judicial estoppel is applicable to the Ninth Circuit Court of Appeals.

CONCLUSION

For all of the above stated reasons, debtor's motion for contempt should be denied, and respondent should be awarded reasonable attorney's fees and costs.

November 30, 2014

/s/Demas Yan
Attorney for Cheuk Tin Yan

- 6 -
Case: 09-32219    Doc# 184    Filed: 11/30/14    Entered: 11/30/14 13:41:18    Page 6 of 6