DEMAS YAN (SBN 257854)
300 Frank H. Ogawa Plaza, Suite # 218
Oakland, Ca 94612
Phone (415) 867-5797
Attorney for Cheuk Tin Yan

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re

LOMBARD FLATS, LLC,

        Debtor.

Case No: 09-32219

(Chapter 11)

DECLARATION OF DEMAS YAN IN
SUPPORT OF OPPOSITION TO MOTION
OF REORGANIZED DEBTOR FOR ORDER
OF CONTEMPT FOR VIOLATION OF 11
U.S.C. § 524(a)(2) AND FOR SANCTIONS

Date: December 19, 2014
Time: 10:00 A.M.
Department: 22

I, DEMAS YAN, declare,

1.      I am the attorney for Cheuk Tin Yan.

2.      Attached as Exhibit A are true and correct copies of the chain of emails between me and debtor's counsel Joan Chipser on November 6, 2014 at 12:39 PM, Nov 7, 2014 at 11:27 AM, November 10, 2014 at 11:54 AM, November 10, 2014 at 5:05 PM, November 10, 2014 at 6:42 PM.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/30/2014

/s/DEMAS YAN

- 1 -

# EXHIBIT A



# New Lawsuit Filed Against Lombard Flats

**Joan Chipser** <joanchipser@sbcglobal.net>                     Thu, Nov 6, 2014 at 12:39 PM
To: Dennis Yan <anewlaw@gmail.com>

From the very words you write below you are seeking to have my client become "liable" for the alleged debt owed your father.  If you are seeking to hold Lombard Flats liable for something, you will be seeking to take my client's property once you obtain a judgment of "liability" against my client.  That is a classic violation of the discharge injunction.  Your research and reasoning are faulty.  Judge Montali and the District Judge have already held that you should have asserted this alter ego cause of action in the Chapter 11 case.

Here are your own words written below:  "It seeks to pierce the veil so that two entities are regarded as one, so that one entity is also liable for the debts of another entity and vice versa."  "The term "alter ego" describes a doctrine, the application of which results in either the obligations of a corporation being treated as those of its equitable owners [Minton v. Cavaney (1961) 56 Cal. 2d 576, 579, 15 Cal. Rptr. 641, 364 P.2d 473; Riddle v. Leuschner (1959) 51 Cal. 2d 574, 580, 335 P.2d 107] or the obligations of the equitable owners being treated as those of the corporation [Wenban Estate, Inc. v.

Hewlett (1924) 193 Cal. 675, 696-697, 227 P. 723]."  "[B]ut rather, is an alter ego so as to be liable for Eng's debts just as much as Eng is liable on the debts."

Again, please dismiss this most recent complaint against my client, Lombard Flats, LLC, or I take this dispute to Judge Montali.  This time, my client will seek attorney's fees and sanctions for sure.

Joan M. Chipser

Attorney-at-Law

(650) 697-1564

(650) 873-2858 (Fax)

joanchipser@sbcglobal.net

Notice to Recipient:  This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law.  If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited.  Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system.  Thank you in advance for your cooperation.

[Quoted text hidden]


# New Lawsuit Filed Against Lombard Flats

**Dennis Yan** <anewlaw@gmail.com>                                    Fri, Nov 7, 2014 at 11:27 AM
To: Joan Chipser <joanchipser@sbcglobal.net>

Mrs. Chipser,

Where in the record supports your statement "Judge Montali and the
District Judge have already held that you should have asserted this
alter ego cause of action in the Chapter 11 case"?

The issue is whether a PRIOR bankrupted company can be held to be an
alter ego of its principal for the principal's PRESENT liabilities.
As  I had provided to you the authorities based on my research, the
answer is yes.  If you can show me authority that says that this is a
violation of automatic stay, I will dismiss this superior court
action.



Dennis Yan <anewlaw@gmail.com>

## New Lawsuit Filed Against Lombard Flats

**Joan Chipser** <joanchipser@sbcglobal.net>                    Mon, Nov 10, 2014 at 11:54 AM
To: Dennis Yan <anewlaw@gmail.com>

This is my last message on this subject before I bring the contempt motion.  Your father's claim for **anything related to those notes** accrued pre-petition and should have been asserted pre-petition.  When you did not do that, any claim related to those notes, **no matter what you call it**,  was discharged. That is the upshot of Judge Montali's ruling and the District Court's ruling.

Your father had a "claim" pre-petition.  He did not assert it pre-petition.  The definition of claim under the bankruptcy code is:

**(5)** The term "claim" means—

**(A) right to payment**, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

**(B)** right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. (11 USC 101(5)) (emphasis added).

The new lawsuit, as did the old, seeks a "right to payment" from my client.  It is horn book bankruptcy law that your father's claim for alter ego liability, or any other claim against my client, Lombard Flats, LLC, arose pre-petition and was discharged when it was not asserted against my client in the bankruptcy court.  You cannot sue my client now and take its property.

Bankruptcy case law also supports my client's position in this matter.  In the bankruptcy case of *In re Folks*, 211 B.R. 378. 384 (9 Cir. BAP 1997), the court said:

"A claim is defined as a right to payment or the right to an equitable remedy for a breach of performance that gives rise to a right to payment. § 101(5).[8] The **alter ego claim** against Folks is a claim pursuant to § 101(5)(B) * * * *." (emphasis added).

The State Court cases you cited have nothing to do with bankruptcy law except in each of those cases the plaintiff was trying to pierce the corporate veil and hold someone other than the original debtor liable for a debt. That is what your father's original lawsuit tried to do to my client, and that is what this new lawsuit by this captive entity "Legal Recovery, LLC" is trying to do to my client. Therefore, this new action is as prohibited as the old one your father filed.

Again, I ask you to dismiss this new lawsuit immediately.

Joan M. Chipser

Attorney-at-Law

(650) 697-1564

(650) 873-2858 (Fax)

joanchipser@sbcglobal.net

Notice to Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

-----Original Message-----
From: Dennis Yan [mailto:anewlaw@gmail.com]
Sent: Friday, November 07, 2014 11:28 AM
To: Joan Chipser
Subject: Re: New Lawsuit Filed Against Lombard Flats

Mrs. Chipser,

[Quoted text hidden]



# New Lawsuit Filed Against Lombard Flats

**Dennis Yan** <anewlaw@gmail.com>                                    Mon, Nov 10, 2014 at 5:05 PM
To: Joan Chipser <joanchipser@sbcglobal.net>

Mrs. Chipser,
The case you cited, Folks, was explicit overruled in Ahcom v Smeding,
623 F.3d 1248 (9th cir. 2010)

"Folks and Davey Roofing misread Stodd. Stodd clarified the passage
upon which Folks and Davey Roofing rely to imply a general alter ego
claim (that a trustee "cannot maintain an action against defendants on
an alter ego theory absent  some allegation of injury to the
corporation giving rise to a right of action in it against
defendants") by citing examples of what constitutes such an injury:
"an action by a trustee in bankruptcy to recover assets of the
bankrupt by setting aside fraudulent and preferential transfers"; "an
action by creditors and a trustee in bankruptcy for conversion by a
corporate stockholder of assets of the bankrupt corporation"; "an
action by the trustee of a bankrupt corporation against the sole
shareholders on an alter ego theory upon allegations that . . .
defendants deposited corporation funds into their personal bank
accounts or that corporation funds were received by the defendants
personally." Stodd, 141 Cal. Rptr. at 71 (internal quotation marks
omitted) (emphases added). These examples illustrate that Stodd was
not, as the Smedings maintain, creating a "general alter ego claim."
Instead, Stodd was attempting to distinguish established "right[s] of
action" that are properly brought by the trustee (fraudulent
conveyance, conversion, and theft, to take the examples from the list
above) from those that are not. Under Stodd, the trustee can sue for
the former but not for the latter. Id.  This reading is unavoidable
when we consider that no California court has recognized a
freestanding general alter ego claim that would require a shareholder
to be liable for all of a company's debts and, in fact, the California
Supreme Court stated that such a cause of action does not exist.
Mesler, 702 P.2d at 606-07." Id. at 1252.

Again, "alter ego" is not a claim, so it cannot be discharged by
debtor's bankruptcy because it was not a claim against debtor.  Alter
ego is an equitable remedy to enforce judgment.  I could have first
sued Eng and obtain a judgment against him, then bring a subsequent
suit to enforce the judgment against Lombard on the alter ego
doctrine.

On Mon, Nov 10, 2014 at 11:54 AM, Joan Chipser
<joanchipser@sbcglobal.net> wrote:
> This is my last message on this subject before I bring the contempt motion.
> Your father's claim for anything related to those notes accrued pre-petition
> and should have been asserted pre-petition.  When you did not do that, any
> claim related to those notes, no matter what you call it,  was discharged.
> That is the upshot of Judge Montali's ruling and the District Court's
> ruling.
>
>

>
> Your father had a "claim" pre-petition.  He did not assert it pre-petition.
> The definition of claim under the bankruptcy code is:
>
>
> (5) The term "claim" means—
[Quoted text hidden]



# New Lawsuit Filed Against Lombard Flats

**Joan Chipser** <joanchipser@sbcglobal.net>                    Mon, Nov 10, 2014 at 6:42 PM
To: Dennis Yan <anewlaw@gmail.com>

The material you quote below has nothing to do with this case and what you are trying to do.

You are trying to take my client's property.  You admit as much below.  Your father's right to do that was not asserted timely.  Your father lost that right when the plan was confirmed.

Joan M. Chipser
Attorney-at-Law
(650) 697-1564
(650) 873-2858 (Fax)
joanchipser@sbcglobal.net


Notice to Recipient:  This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law.  If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited.  Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system.  Thank you in advance for your cooperation.


-----Original Message-----
From: Dennis Yan [mailto:anewlaw@gmail.com]
[Quoted text hidden]