JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>    Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**REPLY IN SUPPORT OF MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT FOR VIOLATION OF 11 U.S.C. §524(a)(2) AND FOR SANCTIONS**<br><br>Date: December 19, 2014<br>Time: 10:00 a.m.<br>Ctrm: 22 |

    LOMBARD FLATS, LLC, the Reorganized Debtor ("Debtor"), submits this reply to the opposition of Cheuk Tin Yan to the Debtor's motion for an order of contempt for violation of Bankruptcy Code §524(a)(2) and for sanctions.

**I. ALLEGED CONTEMNOR, DEMAS WAI YAN, HAS NOT OPPOSED THIS MOTION**.

    This contempt motion is directed at Demas Wai Yan ("Demas Yan"), the attorney who filed Lawsuit No. 2 against the Debtor on behalf of an entity called Legal Recovery, LLC.[1] Demas Yan has not filed an opposition to this motion. Cheuk Tin Yan, the alleged assignor of

---

[1] Demas Yan has now taken the Debtor's default. A true and correct copy of the Request for Entry of Default is attached as Exhibit 1 to Debtor's request to take judicial notice filed with this reply.

1

the claim in question, has filed an opposition. Cheuk Tin Yan is not a party to these proceedings. His "opposition" should be stricken and the motion granted on grounds of no opposition.

## II. DEMAS YAN AND JOAN CHIPSER MET AND CONFERRED BY E-MAIL.

Prior to filing this motion, Joan Chipser communicated with Demas Yan via e-mail. Yan says Joan Chipser "purposely failed to mention" other e-mails that followed on the ones she attached to her declaration. Yan attached the remaining e-mails to his declaration filed in opposition to this motion. This string of e-mail messages shows conclusively the two attorneys thoroughly discussed the matter before this motion was brought. Joan Chipser attached only the first two e-mail exchanges to her declaration to save the court from having to read further discourse that adds nothing to understanding the controversy. She did not do this to conceal anything from the court. The content of these e-mails contained nothing that was worthy of concealing, just an additional display of Demas Yan's erroneous legal theories. Ms. Chipser deemed the further exchange of e-mails to be more of his bad faith refusal to dismiss Lawsuit No. 2.

## III. DEMAS YAN'S THEORY OF WHY HE CAN SUE THE DEBTOR IS ERRONEOUS.

Demas Yan argues that his new theory of "alter ego" is not a cause of action, but a remedy, and therefore not a claim discharged by confirmation of the Debtor's plan. He calls it an "equitable remedy." He is mistaken in his analysis.

Bankruptcy Code §101(5) says a claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, **equitable**, secured, or unsecured * * *." Yan's new legal theory ultimately seeks a right of payment from the Debtor in attempting to hold the Debtor liable for Martin

2

Eng's alleged debt. No matter what it is called, this equitable remedy is a claim under the Bankruptcy Code. Demas Yan's father and now the assignee, Legal Recovery, LLC, may, at one time, have had such an equitable remedy as alter ego, but the remedy along with any other claim was discharged by the plan. As has been repeated numerous times in this motion and the first contempt motion, Demas Yan should have presented these claims, whether causes of action or remedies, to the bankruptcy court before confirmation of the plan. He had an opportunity to do so. He made a decision not to do so.

## IV. THE PRE-PETITION NATURE OF THE YAN/LEGAL RECOVERY, LLC CLAIM HAS BEEN FINALLY ADJUDICATED.

It is true, as Demas Yan says; the only issue on appeal to the Ninth Circuit is application of judicial estoppel to his machinations in not coming forward when he knew about the Chapter 11 in order to secure an advantage for his father's debt. The District Court, on appeal of this court's ruling, found the claim to be a pre-petition debt. Yan senior did not appeal that finding. Therefore, the so-called "equitable remedy" Demas Yan asserts in the current motion is a pre-petition claim as well.

## V. DEMAS YAN IS A VEXATIOUS LITIGANT.

Demas Yan filed a personal Chapter 11 case in this court in 2004. The main case number is 04-33526. In an adversary proceeding Demas Yan filed captioned Demas Wai Yan vs. Tony Fu, et al., AP No. 12-3129, the Honorable Thomas Carlson issued an Order Determining Demas Yan to Be a Vexatious Litigant ("Order"). A true and correct copy of the Order is attached as Exhibit 2 to the Debtor's request to take judicial notice filed with this reply. The Order directed the Clerk not to accept for filing any complaint by Demas Yan against any of the defendants unless Yan had first obtained an order from a Northern District bankruptcy judge.

3

Now having filed two lawsuits against the Debtor, Yan is following the same course of conduct as addressed by the Order. The Debtor needs protection from Demas Yan and his lawsuits. The Debtor asks this court to issue a similar vexatious litigant order so the Debtor may present it to the Superior Court and obtain similar protection from that court.

**VI.  CONCLUSION**.

For all of the foregoing reasons, the Debtor asks this court to grant this motion and exact appropriate sanctions against Demas Yan.

Dated:  December 10, 2014

/s/ Joan M. Chipser
(SBN83192)