JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>    Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**OPPOSITION OF DEBTOR TO MOTION FOR RECONSIDERATION OF ORDER OF CONTEMPT ENTERED ON JANUARY 5, 2015**<br><br>Date:  February 13, 2015<br>Time:  10:00 a.m.<br>Ctrm:  22 |

    LOMBARD FLATS, LLC, the Reorganized Debtor ("Debtor"), submits this opposition to Demas Wai Yan's Motion for Reconsideration of Order of Contempt Entered on January 5, 2015 (the "Motion"). In the Motion, Yan (1) challenges this court's subject matter jurisdiction asserting his client's claim of alter ego is not a claim in bankruptcy; and (2) asserts, again, that the claim was not discharged because Cheuk Tin Yan did not receive notice of the bankruptcy. Both grounds are without merit.

**I. YAN COULD HAVE "FAIRLY CONTEMPLATED" HIS FATHER'S CLAIM AGAINST THE DEBTOR PRE-CONFIRMATION**.

    Yan cites *In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 2005 U.S. Dist. LEXIS 32375(C.D. Cal April 13, 2005) for the proposition that (1) the bankrupt parent company of a

1

subsidiary may be sued on an alter ego theory and (2) alter ego is not a "claim" within the Bankruptcy Code definition set out in Section 101(5).  Yan's reading of *Conseco* is erroneous.  In the *Conseco* case, District Judge Matz states the creditor's basic claim is for breach of contract and alter ego just determines if another party can be liable as well as the original obligor.  Judge Matz then adopted the "fair contemplation" test for deciding whether the breach of contract claim arose before or after a bar order entered in that case. *Id*. at 18.  The Judge decided the breach occurred after the bar order and ruled the case could proceed against the reorganized debtor on the alter ego theory.

Without considering whether Judge Matz erred in adopting the fair contemplation rule, application of that case to the Yan debt shows *Conseco* does not help Yan's cause.  In 2013, the Debtor brought its first contempt motion against Yan and his father.  This court issued a Memorandum Decision on Motion for Order of Contempt (the "Decision") on August 2, 2013 [Docket No. 151].  In the Decision, this court found "that Demas had knowledge of Debtor's Chapter 11 case no later than May 22, 2010 * * *." Decision, p. 5, lines 19-20.[1]  At this same time, it is uncontroverted Yan's father had a breach of promissory note claim against the original obligor, Martin Eng.  All of this occurred prior to the plan confirmation date of July 15, 2010, which may be analogized to the bar order in the *Conseco* case.

Yan himself says "the question to ask is whether plaintiff could have contemplated claims against the debtor on an alter ego theory before the bar date." Yan Memorandum of Points and Authorities, p. 2, lines 23-24.  On the facts of this case, the answer is yes.  Yan makes no mention of the May 22, 2010 email.  Instead, he argues the first indication of alter ego was

---

[1] On appeal to the District Court, Judge Hamilton noted "an email dated May 22, 2010, shows that Eng communicated with Demas Yan about debtor's Chapter 11 case sometime before confirmation of the plan." Order Affirming Orders of the Bankruptcy Court, p. 24, lines 7-9.  The case currently is on appeal to the Ninth Circuit.  This finding is not at issue in that appeal so it is *res judicata*.

2

when a deed of trust allegedly was recorded against the Debtor's property in 2012. But the Debtor has already proven that this document did not affect title to the Debtor's property. *See*, Lot Book Guarantee attached to the Declaration of Joan M. Chipser in Support of Opposition to Motion to Amend Findings and Order Entered on August 5, 2013 [Docket No. 155]. And Yan's knowledge of the bankruptcy case on May 22, 2010 makes his argument about the deed of trust irrelevant.

## II.  LACK OF NOTICE HAS ALREADY BEEN ARGUED AND REJECTED.

This court already has considered and rejected Yan's lack of notice argument in the prior contempt motion. In the Ninth Circuit appeal brought by Yan's father, Cheuk Tin Yan does not challenge this ruling. The only issue the father raised on appeal is the issue of judicial estoppel as applied by Judge Hamilton. Again, the lack of notice argument is *res judicata*.

## III.  YAN SHOULD PAY THE DEBTOR'S ATTORNEYS FEES.

There is absolutely no merit to this Motion. The *Conseco* case Yan relies on does not support any type of relief. This is a frivolous motion designed to delay the effect of the contempt order. Yan should reimburse the Debtor its fees incurred in defending this Motion. The Debtor will incur about $900 for its opposition. *See*, Declaration of Joan M. Chipser in Support of Debtor's Opposition to Motion for Reconsideration of Order of Contempt Entered on January 5, 2015.

## IV.  CONCLUSION.

For all of the foregoing reasons, the Motion should be denied, and Yan should be required to pay the Debtor's attorney's fees and costs incurred in defense.

Dated:  January 30, 2015

                                                 */s/ Joan M. Chipser*
                                                 Attorney for Debtor