JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT AND FOR SANCTIONS**<br><br>Date: March 20, 2015<br>Time: 10:00 a.m.<br>Ctrm: 22 |

LOMBARD FLATS, LLC, the Reorganized Debtor ("Debtor"), submits this memorandum of points and authorities in support of its motion for an order of contempt and sanctions against Demas Wai Yan, aka, Dennis Yan ("Yan") for violating this Court's Order of Contempt dated January 4, 2015 [Docket No. 189] (the "Order").

**STATEMENT OF FACTS[1]**

On November 21, 2014, the Debtor filed a motion for contempt against Yan because he filed another lawsuit against the Debtor in the San Francisco Superior Court - *Legal Recovery, LLC vs. Martin Lee Eng, Lombard Flats, LLC, et al.*, Case No. CGC-14-542378 ("Lawsuit No. 2"). This court granted the motion at a hearing on December 19, 2014 and signed the Order on

---

[1] All facts stated herein are supported by the Declaration of Joan M. Chipser in Support of Third Motion of Reorganized Debtor for an Order of Contempt and for Sanctions (hereinafter, the "Chipser Declaration).

1

January 4, 2015. The Order required Yan to dismiss Lawsuit No. 2 within 10 days of the date of the Order and to pay Debtor's attorney $2,150 also within 10 days.

On January 10, 2015, Yan filed a motion for reconsideration of the Order. The court denied Yan's motion at a hearing on February 13, 2015. After the hearing, Debtor's attorney told Yan he had until 5:00 pm. on February 16, 2015 to dismiss Lawsuit No. 2 and pay the $2,150, or the Debtor would file another contempt motion. Yan said he would get back to her.

On February 14, 2015, Debtor's counsel received an e-mail message from Yan in which he stated that he would dismiss Lawsuit No. 2, but would not pay the $2,150 because he did not have the funds and the Debtor's responsible individual, Martin Eng, owed him $1,000 from sanctions issued in the Superior Court. As an additional excuse for not paying, Yan said "the outcome of the pending appeal in the 9th may also affect the validity of this new order." A true and correct copy of Yan's email is attached to the Chipser Declaration as Exhibit 1.

Debtor's attorney responded by saying "I do not think you can use a third party offset against attorney's fees you were ordered to pay by the bankruptcy court for action taken against my client, Lombard Flats. Even if you can, you still owe $1,150. Unless, by 5 pm Monday, you pay that sum and show clear bankruptcy authority to justify the offset, my client will file another motion for contempt in the bankruptcy court." A true and correct copy of this e-mail dated November 6, 2014 is attached to the Chipser Declaration as Exhibit 2

Yan responded on February 16, 2015 saying he had dismissed the lawsuit, but wanted to work out something on the fees. Debtor's attorney wrote back requesting confirmation the lawsuit had been dismissed and told him he had to pay the entire $2,150 because she could not change the court's order. These messages are attached as Exhibits 3 and 4 to the Chipser

2

Declaration. As of this date, Yan has not provided proof he dismissed Lawsuit No. 2, nor has he paid anything on account of the fees.

Debtor's attorney went online today to check the Superior Court docket for Lawsuit No. 2 to see if Yan had dismissed the complaint against the Debtor as he said he did. The last docket entry was as of February 18, 2015. There was no request for dismissal of the Debtor filed.

## LEGAL AUTHORITIES AND ARGUMENT

A person must comply promptly with a court order. If the person believes the order is incorrect the remedy is to appeal, but, absent a stay, pending appeal, he must comply. *Maness v. Meyers*, 419 U.S. 449, 458 (1975). The Ninth Circuit frequently applies this rule. See, e.g., *Espinosa v. United Student Aid Funds*, 553 F.3d 1193, 1205 (9th Cir. 2008) (holding that a creditor is not free to violate a bankruptcy court order because it has doubts as to the validity of the order) aff'd, 559 U.S. 260, 279 (2010); *United States v. Galin*, 222 F.3d 1123, 1127 (9th Cir. 2000); *Crystal Palace v. Mark Twain Indus., Inc.* (*In re Crystal Palace Gambling Hall, Inc.*), 817 F.2d 1361, 1365 (9th Cir. 1987). The *Maness* rule applies even when the statute or case law underlying the trial court's order is later ruled unconstitutional. *United States v. Pescatore*, 637 F.3d 128, 144 (2d Cir. 2011). Disregard of the requirements of the rule is punishable by contempt proceedings. *Id*. But to find contempt for violation of a court's order, the subject court order must have been lawful. *Shilitani v. United States*, 384 U.S. 364, 370 (1966). Lawfulness, in this context, means the court entering the order had subject matter jurisdiction over the action and personal jurisdiction over the parties affected by the order. *Maness*, 419 U.S. at 459 ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.").

Bankruptcy Code §105(a) gives this court inherent sanction authority:

3

> The court may issue any order, process, or *judgment* that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. (Emphasis Added).

Bankruptcy courts also have the power to issue sanctions under their civil contempt authority. *In re Lehtinen*, 564 F.3d 332 B.R. 404, 411 (9th Cir. BAP 2005). "Civil penalties must either be compensatory or designed to coerce compliance." *Id*.

Yan's claim of inability to pay, given the small amount involved, is not credible. Even though it is possible the Ninth Circuit may reverse this court's decision on discharge of the Yan claim, the Order still must be obeyed at this time. It is clear this court has both subject matter jurisdiction and personal jurisdiction. Yan must dismiss Lawsuit No. 2 and pay the $2,150 to the Debtor, the party to whom the money is owed. Yan cannot offset amounts owed to him by Eng. The Debtor is Yan's creditor, not Eng.

Also, as noted by the authorities cited, this court not only may compensate the Debtor for attorney's fees incurred in bringing this motion, the court also may issue sanctions "designed to coerce compliance." The Debtor leaves it to this court to issue sanctions it deems appropriate and allowed by law to coerce Yan's compliance.

## **CONCLUSION**

For all of the foregoing reasons, the Debtor requests that this court issue another contempt order against Yan for violation of the Order and that as sanctions:

(1) Again, order Yan to dismiss the Debtor from Lawsuit No. 2;

(2) Order Yan to pay to the Debtor's attorney the sum of $2,900, which is the amount of $2,150 in the Order plus another $750 as reimbursement for the Debtor's attorney's fees incurred in connection with this motion, which amount is attested to in the Chipser Declaration;

4

(3) If Yan fails to comply with Nos. 1 and 2 above within five days of the court's order, issue a judgment in the Debtor's favor against Yan for the sum of $2,900;

(4) Order Yan to cease filing lawsuits against the Debtor in any court, unless and until there is a further court order lifting that sanction; and

(5) Impose such other sanction as the court deems appropriate and allowed by law.

Dated: February 18, 2015

/s/ Joan M. Chipser
(SBN83192)