JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>        Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**DECLARATION OF JOAN M. CHIPSER IN SUPPORT OF THIRD MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT AND FOR SANCTIONS**<br><br>Date: March 20, 2015<br>Time: 10:00 a.m.<br>Ctrm: 22 |

I, JOAN M. CHIPSER, depose and say:

    1.    I am the attorney for the Reorganized Debtor ("Debtor") in connection with this motion for contempt and sanctions. The matters stated herein are personally known to me, and if called as a witness, I could and would competently testify thereto.

    2.    On November 21, 2014, the Debtor filed a motion for contempt against Demas Wai Yan ("Yan") because he filed another lawsuit against the Debtor in the San Francisco Superior Court - *Legal Recovery, LLC vs. Martin Lee Eng, Lombard Flats, LLC, et al.*, Case No. CGC-14-542378 ("Lawsuit No. 2"). This court granted the motion at a hearing on December 19, 2014 and signed the Order for Contempt on January 4, 2015 ("Order"). The Order required Yan to dismiss Lawsuit No. 2 within 10 days of the date of the Order and to pay me $2,150 also within 10 days.

3. On January 10, 2015, Yan filed a motion for reconsideration of the Order. The court denied Yan's motion at a hearing on February 13, 2015. After the hearing, I told Yan he had until 5:00 pm. on February 16, 2015 to dismiss Lawsuit No. 2 and pay the $2,150, or the Debtor would file another contempt motion. Yan said he would get back to me.

4. On February 14, 2015, I received an e-mail message from Yan in which he stated that he would dismiss Lawsuit No. 2, but would not pay the $2,150 because he did not have the funds and the Debtor's responsible individual, Martin Eng, owed him $1,000 from sanctions issued in the Superior Court. As an additional excuse for not paying, Yan said "the outcome of the pending appeal in the 9th may also affect the validity of this new order." A true and correct copy of Yan's email is attached as Exhibit 1.

5. I responded by saying "I do not think you can use a third party offset against attorney's fees you were ordered to pay by the bankruptcy court for action taken against my client, Lombard Flats. Even if you can, you still owe $1,150. Unless, by 5 pm Monday, you pay that sum and show clear bankruptcy authority to justify the offset, my client will file another motion for contempt in the bankruptcy court." A true and correct copy of my response dated November 6, 2014 is attached as Exhibit 2

6. Yan responded on February 16, 2015 saying he had dismissed the lawsuit, but wanted to work out something on the fees. I wrote back requesting confirmation the lawsuit had been dismissed and told him he had to pay the entire $2,150 as I could not change the court's order. These messages are attached as Exhibits 3 and 4. As of this date, Yan has not provided proof he dismissed Lawsuit No. 2, nor has he paid anything on account of the fees.

7. Today I went online to check the Superior Court docket for Lawsuit No. 2 to see if Yan had dismissed the complaint against the Debtor as he said he did. The last docket entry was as of February 18, 2015. There was no request for dismissal of the Debtor filed.

8. To date I have spent more than 1.0 hour drafting this motion for contempt. However, I have only charged the Debtor 1.0 hour. I anticipate spending another two hours drafting a reply brief (if necessary), preparing for, traveling to and appearing at the hearing. My hourly rate is $250. Therefore, reasonable attorney's fees for this motion are $750.

I swear under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 18, 2015 at Millbrae, California.

/s/ Joan M. Chipser