```
JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>      Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**DEBTOR'S REQUEST FOR CERTIFICATION OF DIRECT APPEAL TO THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT** |

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to section 158(d)(2) of the Judicial Code and Rule 8006(f) of the Federal Rules of Bankruptcy Procedure ("FRBP"), Lombard Flats, LLC, the Reorganized Debtor ( the "Debtor") in the above- captioned Chapter 11 case, respectfully requests that the Court certify for direct appeal to United States Court of Appeals for the Ninth Circuit the appeal taken by Demas Wai Yan ("Demas Yan") to the U.S. District Court on February 20, 2015 [Docket No. 205] (the "Appeal"). Copies of the orders appealed from are attached to the Chipser Declaration.

As set forth below, this request is pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) because "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." This request for certification is timely, 28 U.S.C. § 158(d)(2)(E); FRBP 8006(f)(1); is properly made in this Court, FRBP 8006(f)(1); and is concurrently being noticed as required by FRBP 8006(f)(2).

# I. BACKGROUND.[1]

Demas Yan is a California licensed attorney. He represents his father, Cheuk Tin Yan ("Cheuk Yan") with respect to collection of certain promissory notes allegedly executed by the Debtor's sole member and responsible individual, Martin Eng (the "Eng Loan"). In the past, Demas Yan also has represented Martin Eng. While representing Martin Eng, Demas Yan tried to collect the Eng Loan for his father. *See*, Declaration of Martin Eng in Support of Motion of Reorganized Debtor For Order of Contempt For Violation of 11 U.S.C. §524(a)(2) ("Eng Declaration") attached to the Request to Take Judicial Notice in Support Certification of Direct Appeal to the U.S. Court of Appeals for the Ninth Circuit, filed herewith ("Judicial Notice Request").

The Debtor owns real property in San Francisco. The Debtor filed Chapter 11 in August, 2009 to avoid a foreclosure sale. During the pendency of the case, Martin Eng never informed Debtor's counsel about the Eng Loan, or that Cheuk Yan may make claims against the Debtor on account of the Eng Loan. Demas Yan knew about the Debtor's Chapter 11 case at least by May 22, 2010, which was about two months before the Debtor's Chapter 11 plan was approved by order dated July 19, 2010 [Docket No. 98]. *See*, Eng Declaration, p. 4, ll. 3-5. Cheuk Yan never filed a claim in Debtor's Chapter 11 case, nor did Demas Yan or Cheuk Yan ever advise Debtor's attorney that Cheuk Yan had a claim.

On September 26, 2012, Cheuk Yan filed a lawsuit in the San Francisco Superior Court entitled *Yan vs. Lombard Flats, et al. Case No. 12-52474* ("Lawsuit No. 1). Initially, Cheuk Yan, who is not a lawyer, represented himself, with the help of his son, Demas Yan, who was on suspension at the time. In Lawsuit No. 1, Cheuk Yan sued the Debtor, Martin Eng and numerous

---

[1] All facts, unless otherwise stated, are based on the Declaration of Joan M. Chipser in Support of Debtor's Request for Certification of Direct Appeal to the U.S. Court of Appeals for the Ninth Circuit (the "Chipser Declaration").

other parties related to Martin Eng for recovery of the Eng Loan. In Lawsuit No. 1, the theory of recovery against the Debtor was based upon an alleged fraudulent conveyance. When Demas Yan again was permitted to practice law, he substituted into his father's case as attorney of record.

The Debtor demanded Demas Yan dismiss Lawsuit No. 1, arguing that confirmation of the Plan discharged any claim Cheuk Yan had against the Debtor. When Demas Yan obtained a default judgment against the Debtor and failed to dismiss Lawsuit No. 1, the Debtor filed its first motion for an order of contempt on May 3, 2013 ("Motion No. 1"). This court granted Motion No. 1. [Docket No. 152].

Cheuk Yan then filed a motion to Amend Findings and Order Entered on August 5, 2013, which the court denied in an order, dated September 26, 2013 [Docket No. 159]. Cheuk Yan appealed the order granting Motion No. 1 and the order denying his motion to amend to the U.S. District Court. In a thirty-eight page decision dated August 13, 2014, U.S. District Judge Phyllis J. Hamilton affirmed the bankruptcy court's orders. Cheuk Yan then appealed Judge Hamilton's decision to the Ninth Circuit Court of Appeals, where the matter is pending.

On October 27, 2014, Demas Yan filed a new lawsuit against the Debtor and Martin Eng. The new case ("Lawsuit No. 2) is entitled *Legal Recovery, LLC vs. Martin Lee Eng, Lombard Flats, LLC, et al.*, Case No. CGC-14-542378. The plaintiff is an LLC created for the purpose of receiving an assignment of the claim related to the Eng Loan. The theory of recovery against the Debtor this time is "alter ego."

The Debtor demanded Demas Yan dismiss Lawsuit No. 2 and when he did not comply, filed another motion for contempt ("Motion No. 2"). This court granted Motion No. 2. Demas

Yan then filed a motion for reconsideration which was heard and denied on February 13, 2015. On February 20, 2015, Demas Yan filed the Appeal, which was assigned to Judge Hamilton.

Demas Yan filed his own personal bankruptcy case on December 19, 2004. During that case he filed at least four adversary proceedings, so many that he has been held to be a vexatious litigant. *See*, Order Determining Demas Yan to be a Vexatious Litigant attached to the Judicial Notice Request. In the case of at least three of those adversary proceedings, Demas Yan lost. In the case of all three, he appealed the bankruptcy court decision and elected to have the appeal heard by the U.S. District Court. In each of these cases, Demas Yan lost at the District Court level and then appealed to the Ninth Circuit. A search of the Ninth Circuit and District Court record reveals no case where Demas Yan lost, but accepted the decision of the intermediate appellate court. He always rejects the District Court decision and appeals to the Ninth. A list of these appeals is in the Chipser Declaration.

## II. ARGUMENT.

This request is authorized by 28 U.S.C. § 158(d)(2)(A)(iii):

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
> ****
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

The statute also says "[i]f the bankruptcy court, the district court, or the bankruptcy appellate panel * * * on its own motion or on the request of a party, determines that a circumstance specified in clause * * *(iii) of subparagraph (A) exists * * * then the bankruptcy court, the district court, or the bankruptcy appellate panel **shall** make the certification described

in subparagraph (A)." Emphasis Added. The party must make the request "not later than 60 days after the entry of the judgment, order, or decree." 28 U.S.C. § 158(d)(2)(E).

The Appeal involves the same set of operative facts and issues as the appeal now pending before the Ninth Circuit. The issue in the Appeal is the same issue before the Ninth Circuit, i.e. whether Cheuk Yan's claim was discharged by the Debtor's plan. The Appeal involves a different theory of liability than put forth in Lawsuit No. 1, but the core issue remains the same. By filing Lawsuit No. 2, Demas Yan is engaging in piecemeal litigation. The Ninth Circuit should decide once and for all whether the bankruptcy court's rulings were correct. The Appeal should be combined with the pending appeal to avoid piecemeal litigation.

Appeal to the District Court is a waste of time. If Demas Yan loses at the District Court level, which based upon Judge Hamilton's view of this case, he will, Demas Yan is certain to appeal to the Ninth Circuit. He will not accept Judge Hamilton's decision, as he will not accept any decision of this court. This is consistent with a pattern Demas Yan has established in the appeals in his personal bankruptcy case of filing an action, appealing the adverse ruling, rejecting the District Court decision and appealing to the Ninth Circuit. Yan's pattern of litigation and appeals clearly demonstrates it would be a waste of judicial resources to have Judge Hamilton review the case. Yan has shown time and time again he will reject the decision of the intermediate court. This case should go straight to the Ninth Circuit where it can be joined with the appeal now pending there.

## III. CONCLUSION.

For all of the foregoing reasons, the Debtor asks this court to certify the Appeal for direct appeal to the Ninth Circuit.

Dated: March 5, 2015							Respectfully submitted,


							/s/ Joan M. Chipser
							 (SBN83192)