DEMAS YAN (SBN 257854)
300 Frank H. Ogawa Plaza, Suite # 218
Oakland, Ca 94612
Phone (415) 867-5797
In Pro Se

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:

    LOMBARD FLATS, LLC

Debtor.

Case No. 09-32219 DM
Chapter 11

APPELLANT DEMAS YAN'S OPPOSITION TO DEBTOR'S REQUEST FOR CERTIFICATION OF DIRECT APPEAL TO THE U.S. COURT OF APPEALS OF THE NINTH CIRCUIT

DEMAS YAN hereby files this opposition to Debtor's Request for Certification of Direct Appeal to the U.S. Court Of Appeals of the Ninth Circuit. Yan's opposition is based on this paper and declaration of Demas Yan in support of this opposition.

RELEVANT BACKGROUND

The appeal pending in Ninth Circuit Court of Appeal, Case No. 14-16624, referred to by Debtor in its moving paper as relating to Lawsuit No. 1, had been fully briefed since 12/29/2014. The issues on appeal, as stated in the opening brief, are: 1) Whether or not the doctrine of judicial estoppel is applicable, and 2) Whether there is sufficient evidence to support finding of judicial estoppel.

The instant appeal, referred to by Debtor in its moving paper as relating to Lawsuit No. 2, was filed recently on 2/20/2015. The issues on appeal, as stated in the Statement of Issues on Appeal, are: 1) Whether the state court claim against debtor arising out of alter ego doctrine was a claim discharged by debtor's bankruptcy discharge, and 2) Whether the bankruptcy court had subject matter jurisdiction to order the dismissal of the state court claim and to order sanctions against appellant.

- 1

THE TWO APPEALS DO NOT INVOLVE THE SAME ISSUES ON APPEAL.

Debtor asked that the instant appeal be certified to the Ninth Circuit and joined with the appeal now pending. Debtor asserts that both appeals involve the same issues, but that is not true. The main issue in the pending appeal is whether "judicial estoppel" is applicable and if it is, are there sufficient evidence to support it. It is not the same issue in the instant appeal. The main issue in the instant appeal is whether an alter ego claim (technically alter ego is not a claim but a remedy) is a claim discharged by debtor's bankruptcy. The issues on appeal are not the same. Furthermore, the pending appeal had been fully briefed since December 2014. There is no judicial economy to "join" the appeals as Debtor requested.

DEBTOR'S ASSERTION THAT THE INSTANT APPEAL IS A WASTE OF TIME IS SPECULATIVE.

Debtor's argument basically is that, *if* the District Court will affirm the order, and *if* Yan will file an appeal to the Ninth District, why not short circuit to the Ninth District. The problem with Debtor's argument is that it is purely speculative. Obviously the Debtor and Yan have different opinions, but that is no reason to alter the usual procedures. There is no time savings. An appeal in the Ninth Circuit is not decided any sooner than an appeal in the District Court. It is too soon to say what the appeal outcome will be. Of course, if the District Court affirms the order, and depending on the reasoning of the court, Yan may or may not seek review, but similarly Debtor will do the same if the District Court overrules any portion of the order.

Yan request that Debtor's request for Certification to the Ninth Circuit be denied.

Date: March 7, 2015
/s/DEMAS YAN