JOAN M. CHIPSER (SBN83192)
1 Green Hills Court
Millbrae, CA 94030
Telephone: (650) 697-1564
FAX: (650) 873-2858
email: joanchipser@sbcglobal.net

Attorney for Reorganized Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOMBARD FLATS, LLC,<br><br>       Debtor. | Case No.: 09-32219<br>(Chapter 11)<br><br>**MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT FOR VIOLATION OF 11 U.S.C. §524(a)(2) AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 28, 2015<br>Time: 10:00 a.m.<br>Ctrm: 22 |

     LOMBARD FLATS, LLC, the Reorganized Debtor ("Debtor"), hereby moves for an order of contempt and sanctions against Demas Wai Yan, aka, Dennis Yan ("Yan"), for violating the discharge injunction of 11 U.S.C. §524(a)(2) by filing a motion for a charging order and receiver (the "Motion") in San Francisco Superior Court case entitled *Legal Recovery, LLC vs. Martin Lee Eng, Lombard Flats, LLC, et al.*, Case No. CGC-14-542378 ("Lawsuit No. 2"), asking the court for an order appointing a receiver to take possession of and sell the Debtor's real property located at 949-953 Lombard Street, San Francisco, CA (the "Debtor's Property")

     The Debtor requests the court issue a contempt order against Yan for violation of Bankruptcy Code §524(a)(2) and that as sanctions, he be ordered:

     (1) To immediately withdraw the Motion as written;

1

(2) To cease filing lawsuits and motions against the Debtor in any court, unless and until there is a further court order lifting that sanction; and

(3) To pay the Debtor's attorney the sum of $1,625 as reimbursement for the Debtor's attorney's fees incurred in connection with this motion.

This Motion is made pursuant to Bankruptcy Code §§ 524(a)(2) and 1141(d); Federal Rules of Bankruptcy Procedure 9014 and 9020; and Rule 9014-1 of the Local Bankruptcy Rules of the Northern District of California. The motion will be based upon this motion, the Notice of Hearing on Motion of Reorganized Debtor For Order of Contempt For Violation of 11 U.S.C. §524(a)(2) and for Sanctions; the Memorandum of Points and Authorities in Support of Motion - of Reorganized Debtor For Order of Contempt For Violation of 11 U.S.C. §524(a)(2) and for Sanctions; the Declaration Joan M. Chipser filed in support, all of the documents and records on file in this Chapter 11 case and such oral evidence as may be presented at any hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. STATEMENT OF ISSUE TO BE DECIDED.

Whether Yan violated Bankruptcy Code §524(a)(2) by filing a motion in San Francisco Superior Court asking that court to appoint a receiver to take possession of and sell the Debtor's Property, and if, so whether he should be held in contempt for such action and what penalty should be exacted against him.

## II. STATEMENT OF FACTS.[1]

The Debtor filed this Chapter 11 case on August 3, 2009. This court confirmed the Debtor's Combined Plan of Reorganization and Disclosure Statement Under Chapter 11 of the Bankruptcy Code Dated 6-12-10 [Docket No. 86] (the "Plan") on July 19, 2010 [Docket No. 98]. Attorney Mark Romeo was appointed disbursing agent under the Plan. This case was closed on May 23, 2011, and reopened by order of this Court dated May 1, 2013.

The court is most likely familiar with the background facts of Yan's attempts to collect on a debt his father, Cheuk Tin Yan, claims against the Debtor's sole member, Martin Eng. Briefly, those facts are that in the past three years, Yan filed two lawsuits against the Debtor, both of which were dismissed upon orders from this court after the Debtor brought motions for contempt. Yan appealed both orders. This court's order in the case of Lawsuit No. 1 was affirmed on appeal by the District Court, which Yan appealed to the Ninth Circuit, where it is pending. The appeal of the order in the case of Lawsuit No. 2 is pending at the District Court level.

On July 8, 2015, the father's assignee, who is the plaintiff in Lawsuit No. 2, obtained a $1.5 Million judgment against Martin Eng. On July 14, 2015, Yan, as attorney for the plaintiff filed the Motion seeking appointment of a receiver "to take possession and control, and to sell at public sale the property known as 949-953 LOMBARD STREET, SAN FRANCISCO, CA 94133, APN LOT 048. BLOCK 0072." A true and correct copy of the Motion is attached to the Chipser Declaration as Exhibit 1. Yan served the Motion on the Debtor, c/o Annie Yip at 820

---

[1] All facts stated herein are supported by the Declaration of Joan M. Chipser in Support of Reorganized Debtor's Motion for an Order of Contempt for Violation of 11 U.S.C. §524(a)(2) and for Sanctions (hereinafter, the "Chipser Declaration").

Green Street, San Francisco, California. Yan did not serve the Debtor's attorney, Joan Chipser, who learned about the Motion from Martin Eng.

In the Memorandum of Points and Authorities and the Proposed Order, the Motion repeats the request to take control of and sell the Debtor's Property. For example, the Proposed Order provides:

> Receiver shall take possession and control of the following subject residential property located at 949-953 LOMBARD STREET, SAN FRANCISCO, CA 94133 ("the Property") and is granted the power and authority to sell the Property by way of a public sale. Proposed Order, p. 1, ll. 19-22.

> Receiver shall be vested with the power and authority to take control, transfer and sell the above Property at a public sale and to thereafter apply the proceeds from the sale of the Property to pay plaintiff judgment creditor on the judgment. Proposed Order, p. 2, ll. 3-5.

> The Receiver is authorized to enter into and execute listing and brokerage agreements necessary for the listing and sale of the Property. Proposed Order, p. 2, ll. 11-13.

> The Receiver, his consultants, agents, employees, and professionals may be paid from the rents of the Property, monies available from the retainer if any, and/or upon the completion of a sale of the Property. Proposed Order, p. 2, ll. 18-20.

> Once the Receivers' statement of account has been filed and served, the Receiver may pay the statement from the rents and/or the retainer * * *. Order, p. 2, ll. 23-26.

4

All reasonable expenses incurred in connection with Receiver's hiring and retention of authorized personnel and counsel shall be expenses of the Property and shall be paid from the proceeds from the sale of the Property. Proposed Order, p. 3, ll. 8-10.

The Receiver is authorized to place the Property for sale on the market, retain any marketing analysis or advertisers, and undertake any and all other duties associated with selling the Property, including executing documents necessary for consummation of a sale, with such sale being subject to overbid and court approval on proper notice. Based upon the Receiver's evaluation of the market data, the Receiver shall set an initial listing price. The Receiver shall be authorized to reduce the asking prices for the Property as he determines is advisable in order to generate interest in the Property. The Property shall be sold on the best terms and price with no carry-back financing. Proposed Order, p. 3, ll. 11-19.

On July 18, 2015, Joan Chipser sent a letter to Yan, with a copy to the proposed receiver, demanding Yan amend the Motion to take out the offending sentences. Ms. Chipser set a deadline of 5 p.m. July 21, 2015. The deadline came and went with no response from Yan. A true and correct copy of Ms. Chipser's letter is attached to the Chipser Declaration as Exhibit 3.

III. <u>ARGUMENT</u>.

Like Lawsuit No. 1 and Lawsuit No 2, the Motion is another of Yan's illegal attempts to assert a debt against the Debtor, which has confirmed a Chapter 11 plan and, thus far, has successfully defeated his father's claim in the bankruptcy court. The Motion is being prosecuted in violation of the discharge injunction of Bankruptcy Code §524 made applicable by Bankruptcy Code§1141(d). An order confirming a reorganization plan operates to discharge all

5

pre-confirmation unsecured debts and liabilities (*See*, 11 U.S.C. §§ 1141 and 524; *Brown v. Seaman Furniture Co., Inc*., 171 B.R. 26, 27 (E.D.Pa.1994)). Yan's filing of the Motion, the purpose of which is to obtain a receiver to sell the Debtor's Property, constitutes a violation of the discharge injunction of Bankruptcy Code §524(a)(2).

The above quotes from the Proposed Order are just a few of the provisions that violate the discharge injunction of Bankruptcy Code§524(a)(2) . The order is replete with violations and needs to be completely re-written to take out any reference to the receiver having any power to take possession of, manage, control or sell the Debtor's Property.

IV. <u>CONCLUSION</u>.

For all of the foregoing reasons, the Debtor requests that this court issue a contempt order against Demas Yan for violation of Bankruptcy Code §524(a)(2) and issue sanctions as outlined above.

Dated: July 22, 2015

/s/ Joan M. Chipser
(SBN83192)