DEMAS YAN (SBN 257854)
300 Ogawa Plaza, Suite # 218
Oakland, CA 94612
Phone (415) 867-5797
Attorney for judgment creditor LEGAL RECOVERY, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re

LOMBARD FLATS, LLC,

        Debtor.

Case No: 09-32219

OPPOSITION TO MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT FOR VIOLATION OF 11 U.S.C. § 524(a)(2) AND FOR SANCTIONS

Date: August 28, 2015
Time: 10 a.m.
Department 22

DEMAS YAN hereby files this opposition to Motion of Debtor for Order of Contempt and for Sanctions.

JUDGMENT WAS AGAINST MARTIN ENG. CALIFORNIA LAW PROVIDES FOR CHARGING ORDER AND APPOINTMENT OF RECEIVER AS REMEDIES FOR JUDGMENT ENFORCEMENT.

A judgment had been entered against MARTIN ENG ("Judgment Debtor") on July 8, 2015 (the "Judgment"). LEGAL RECOVERY, LLC is the judgment creditor ("Judgment Creditor"). DEMAS YAN is the attorney for the Judgment Creditor in the state court action where the judgment was entered.

As of the date of entry of the Judgment, ENG is the sole member of the limited liability company LOMBARD FLATS, LLC. California law provides that a judgment debtor's interest in a limited liability company may be applied toward the satisfaction of a judgment by a charging order; a receiver may be appointed subject to the charging order, and the court may make all other orders necessary to give effect to the charging order.

- 1

California Code of Civil Procedure Section 708.310 provides in relevant part:

> If a money judgment is rendered … the judgment debtor's interest in the … limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to … 17705.03 of the Corporations Code.

Corporations Code Section 17705.03 provides in relevant part:

> (a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. ….
>
> (b) To the extent necessary to effectuate the collection of distributions pursuant to a charging order in effect under subdivision (a), the court may do any of the following:
>
>   (1) Appoint a receiver of the distributions subject to the charging order, with the power to make all inquiries the judgment debtor might have made.
>
>   (2) Make all other orders necessary to give effect to the charging order.

As to the powers of the receiver, "[t]he receiver's functions and powers are controlled by statute, by the order appointing him, and by the court's subsequent orders. [Citations.] Code of Civil Procedure sections 568 and 568.5 authorize the receiver to perform such acts respecting the property as the court may authorize, including the sale of real and personal property upon notice and subject to court confirmation." *Cal-American Income Property Fund VII v. Brown Development Corp.*, 138 Cal.App.3d 268, 274 (1982).

Code of Civil Procedure Section 568 provides that:

> The receiver has, under the control of the Court, power to bring and defend actions in his own name, as receiver; to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the Court may authorize.

Code of Civil Procedure Section 568.5 provides that:

> A receiver may, pursuant to an order of the court, sell real or personal property in the receiver's possession upon the notice and in the manner prescribed by Article 6 (commencing with Section 701.510) of Chapter 3 of Division 2 of Title 9. The sale is not final until confirmed by the court.

## MOTION FOR CHARGING ORDER DOES NOT VIOLATE DISCHARGE INJUNCTION.

The motion for charging order against MARTIN ENG is not an action against LOMBARD FLATS, LLC, the bankruptcy debtor herein, but rather, merely charging MARTIN ENG's interest in the limited liability company.

Bankruptcy Debtor, in this motion, asserts that Yan violated Bankruptcy Code Section 524(a)(2). Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor …." Here, judgment creditor is collecting on debt that is the personal liability of MARTIN ENG. No claim was made against Bankruptcy Debtor. There is no violation of the discharge injunction as set forth in Section 524(a)(2).

## AUTOMATIC STAY AS TO THE BANKRUPTCY ESTATE TERMINATES UPON CONFIRMATION OF PLAN.

The Bankruptcy Code Section 362 automatic stay, which comes into existence with the filing of a petition for bankruptcy, prohibits action against the bankruptcy estate only until the bankruptcy court confirms a plan reorganizing the debtor's property. *In re Allen*, 300 F.3d 1055, 1059 (9th Cir. 2002), § 362(c)(1).

This Court confirmed the Debtor's Plan of Reorganization on July 19, 2010. By virtue of the confirmation, there is no automatic stay as to properties of the Debtor. Thus even though the motion for charging order and appointment of receiver may affect properties of Debtor, there is no violation of automatic stay because the automatic stay had terminated upon confirmation of the plan in 2010.

//

CONCLUSION

For all the reasons stated, the MOTION OF REORGANIZED DEBTOR FOR ORDER OF CONTEMPT FOR VIOLATION OF 11 U.S.C. § 524(A)(2) AND FOR SANCTIONS should be denied.

Respectfully submitted.

Dated: 8/11/2015
/s/DEMAS YAN